James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
jpk@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o Barnett
Corporation Pulp and Paper,

      Plaintiff,                                     19 Civ.

     - against –                                **COMPLAINT**

COSCO SHIPPING LINES CO., LTD.,

      Defendant.
-------------------------------------------------------------------X

Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o Barnett Corporation Pulp and Paper, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

2. At all material times, MUND & FESTER GMBH & CO. KG (hereinafter "M&F" or "Plaintiff") was and is a corporation with its principal place of business located at Trostbrucke

1, Hamburg 20457 Germany, and is the subrogated underwriter of a consignment consisting of 10 rolls of linerboard carried in container SEGU4486651, as more specifically described below.

3. At all material times, Defendant COSCO SHIPPING LINES CO., LTD (hereinafter "COSCO" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o COSCO SHIPPING LINES North America, at 100 Lighting Way, Secausus, New Jersey 070940, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods over the seas for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment of 439 cartons of footwear, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 4, as if herein set forth at length.

6. In November 2018, the subject consignment consisting of consisting of 10 rolls of linerboard and belonging to Barnett Corporation Pulp and Paper was laden into container SEGU4486651 and was booked for transit with Defendant COSCO for carriage from Charleston, SC, to Callao, Peru.

7. In or about November 2018, the subject container SEGU4486651 was delivered into the care, custody and control of Defendant COSCO at the marine terminal in Charleston, SC.

2

8. The transportation of the subject consignment was all arranged in consideration of an agreed upon freight, and pursuant to a bill of lading numbered COSU8020305060 dated November 11, 2018, for carriage from Charleston, SC, to Callao, Peru aboard the M/V EVER LENIENT, voyage 0870W.

9. Thereafter, on about November 11, 2018, the aforementioned container was laden on board the M/V EVER LENIENT.

10. Thereafter, and while the vessel was enroute to Callao, Peru, container No. SEGU 448665-1, containing 10 kraft linerboard rolls, fell during transshipment maneuvers at the port of Balboa, Panama, while in the care, custody and control of Defendant COSCO causing physical damage to the consignment of 10 kraft liner rolls. Afterwards, the cargo was transferred into container FSCU 845941-7 by Defendant COSCO and thereupon carried to the port of delivery, Callao, Peru, by the defendant COSCO.

11. The subject container was thereafter delivered to the named consignee on or about December 21, 2018, at which time at container FSCU 845941-7 was opened and severe damage was noted to have occurred to the consignment due to the previous dropping of the original container containing the subject shipment while at the transshipment port of Balboa, Panama, as aforesaid.

12. As a result of the foregoing, Barnett Corporation Pulp and Paper suffered damages in the amount of at least $17,060.34.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between Barnett Corporation Pulp and Paper and M&F, which provided coverage for, among other things, loss or damage to the aforementioned consignment of footwear.

14. Pursuant to the aforementioned contract of insurance between Barnett Corporation Pulp and Paper and M&F, monies have been expended on behalf of Barnett Corporation Pulp and Paper to the detriment of M&F due to the damages sustained during transit.

15. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendants, M&F has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendants.

16. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $17,060.34.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. Pursuant to the contracts of carriage entered into by and between the parties, the Defendant COSCO owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

20. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $17,060.34.

21. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $17,060.34.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. At the time of the aforementioned incident, defendant together with the entities they hired to act on their behalf, was acting as bailee of the aforementioned cargoes and in its own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

24. Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

25. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $17,060.34.

26. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $17,060.34.

## AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. The Defendant owed a duty to the Plaintiff's cargo to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

29. The Defendant breached and were negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

30. As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $17,060.34.

31. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $17,060.34.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $17,060.34, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       December 19, 2019
       260-273

                                            **CASEY & BARNETT, LLC**
                                            Attorneys for Plaintiff

By: _____

              James P. Krauzlis
              305 Broadway, Ste 1202
              New York, New York 10007
              (212) 286-0225